Served and Filed by ECF:
June 27, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                              07 Cr. 736 (S-1) (CPS)

RICARDO MARIAN FANCHINI,

               Defendant.
-------------------------------------------------------X

-------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                              08 Cr. 044 (S-1) (CPS)

NIKOLAI DOZORTSEV

ARTHUR DOZORTSEV, and
BORIS NAYFELD,

               Defendants.
-------------------------------------------------------X

## DEFENDANT NIKOLAI DOZORTSEV'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION TO CONSOLIDATE

Respectfully submitted,

Barry Zone
Gersten Savage, LLP
Attorneys for Defendant
Nikolai Dozortsev
600 Lexington Avenue
New York, New York 10022
(212) 752-9700

Defendant Nikolai Dozortsev ("Mr. Dozortsev") respectfully submits this memorandum of law in opposition to the Government's motion to consolidate under Fed. R. Crim. P. 8, and in support of his motion for severance under Fed. R. Crim. P. 14(a).

## PRELIMINARY STATEMENT

Consolidation under Fed.R. Crim. P. 8 is not appropriate in this case considering the original indictment brought against Mr. Dozortsev contained only two counts: Attempted Cocaine Possession and Money Laundering from July 2007 to October 2007, and the fact that he is not charged in Count One, Five or six of the superseding indictment ("the Indictment") which brought against Richard Fanchini ("Mr. Fanchini").

Additionally, Fed. R. Crim. P. 14(a) provides for severing defendants where a joint trial "appears to prejudice a defendant." Here, trying Mr. Dozortsev with Mr. Fanchini would create not only the appearance of prejudice, it would create the reality of prejudice. Mr. Dozortsev cannot receive a fair trial if he is tried alongside Mr. Fanchini. Mr. Dorzortsev would be prejudiced by the nature and quantity of the government's evidence against Mr. Fanchini, who, according to the government, masterminded the continuing criminal enterprise alleged in Count One of the Indictment.

Originally, on January 22, 2008, Mr. Dozortsev was indicted under case number 08 CR 044(CPS) for Attempted Cocaine Possession and Conspiracy to Launder Money for the time period between March 2007 and October 2007. Very simply, the allegations in the two counts related to an alleged attempted narcotics transaction, which was never consummated and one real estate transaction where it is alleged that some of the investment had derived from ill gotten gain. In the Indictment filed on July 19, 2008, the government now seeks to consolidate Mr. Dozortsev's case with that of <u>United States</u>

2

v. Richard Fanchini, 07 CR 736 (S-1)(CPS) which contains allegations dating back to 1990. Mr. Dozortsev does not know why the government made this decision and certainly acknowledges the prosecutor's authority to make charging decisions. However, the Indictment and consolidation clearly prejudices Mr. Dozortsev.

The Indictment accuses Mr. Fanchini of committing the following crimes during a seventeen year period from 1990 to October 2007: (i) engaging in a continuing criminal enterprise; (ii) conspiring to import cocaine, heroin and MDMA into the United States; (iii) conspiring to distribute cocaine, heroin and MDMA, knowing that such substances would be imported into the United States; (iv) conspiring to distribute and possess with intent to distribute cocaine, heroin and MDMA; (v) importing five or more kilograms of cocaine into the United States; (vi) distributing cocaine knowing that such substance would be imported into the United States; (vii) attempting to possess with intent to distribute five or more kilograms of cocaine; and (viii) conspiring to launder the proceeds of specified unlawful activity.

Significantly, Mr. Dozortsev is not accused of Count One: engaging in a continuing criminal enterprise; nor is he accused of Count Five: importing five or more kilograms of cocaine into the United States; nor is he accused of Count Six: distributing cocaine knowing that such substance would be imported into the United States; he is however, accused separately of health care fraud (Count Nine) and of being a Felon, relative to a 20 year old tax conviction, in Possession of a firearm, which were hunting rifles (Count Eleven).

## POINT I

## THE COURT SHOULD NOT CONSOLIDATE

Fed R. Crim. P. 8 sets forth when joinder is appropriate in criminal cases. Rule 8(a) allows for joinder of offenses that are of "the same or similar character." Rule 8(b), which governs joinder of defendants, does not allow joinder solely on the basis that the offenses charged are of the same or similar character. Rather, defendants may be joined only "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses." *See* Fed. R. Crim. P. 8(b). It is significant that Mr. Dozortsev is not accused of Count One: engaging in a continuing criminal enterprise; nor is he accused of Count Five: importing five or more kilograms of cocaine into the United States; nor is he accused of Count Six: distributing cocaine knowing that such substance would be imported into the United States.

The Second Circuit has interpreted the "same series of acts or transactions" language of Rule 8(b) to mean that joinder is permitted where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *U.S. v. Rittweger*, 524 F.3d 171, 177 (2nd Cir. 2008).

Here, the allegations in the indictments against Mr. Dozortsev and Mr. Fanchini are insufficient to sustain Rule 8(b) joinder because Mr. Dozortsev was not charged with Count One: engaging in a continuing criminal enterprise; nor is he accused of Count Five: importing five or more kilograms of cocaine into the United States; nor is he accused of Count Six: distributing cocaine knowing that such substance would be imported into the United States; additionally Mr. Fanchini was not charged with Count health care fraud (Count Nine) and Felon in Possession (Count Eleven).

Since defendants may be joined only "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses,"*see* Fed. R. Crim. P. 8(b) the defendants should not be joined because they did not all participate in the same series of acts or transactions.

## POINT II

### SEVERANCE

A district court may sever defendants' trials "[i]f the joinder of offenses or defendants in an indictment. . . appears to prejudice a defendant. . . ." Fed. R. Crim. P. 14(a); *United States v. Spinelli, 352* F.3d 48, *54* (2d Cir. 2003) (decision to sever a joint trial is "committed to the sound discretion of the court.") *(quoting United States v. Blount,* 291 F.3d 201, 209 (2d Cir. 2002)). Even though the judicial economies which result from joinder have given rise to a policy favoring joint trials, *United States v. Cardascia*, 951 F. 2d 474, 482-83 (2d Cir. 1991), severance must be granted if a joint trial would subject a defendant to "substantial prejudice," *United States v. Lyles,* 593 F. 2d 182, 189-90 (2d cir. 1979); if a defendant's right to a fair trial cannot be assured absent severance, *Cardascia*, 951 F.2d at 482, or if a joint trial "prevents the jury from making a reliable judgment about guilt or innocence" of a defendant. *United States v. Stein*, 428 F. Supp. 138, 143 (S.D.N.Y. 2006).

Despite the broad discretion possessed by trial judges in considering a motion to sever, courts in the Eastern District of New York consider eight factors: "(1) the number of defendants; (2) the number of counts; (3) the complexity of the indictment; (4) the

5

estimated length of trial; (5) disparities in the amount or type of proof offered against each defendant; (6) disparities in the degrees of involvement by each defendant in the overall scheme; (7) possible conflict between various defense theories or trial strategies; and (8) prejudice from evidence admitted against co-defendants which is inadmissible or excluded as to a particular defendant." *United States v. Upton,* 856 F. Supp. 727, 736 (E.D.N.Y. 1994) (citing *United States v. Gallo*, 668 F. Supp. 736, 749 (E.D.N.Y. 1987).

### Number of Defendants, Number of Counts and Complexity of Indictment

The Indictment charges four defendants, which is admittedly, not an unreasonable large group of defendants to try together. Still the Indictment itself is complex and includes a total of eleven counts. The document itself is 28 pages long and cites an array of statutes. "As the number of counts and defendants in the indictment increases, 'it is obvious' that the resultant complex trial record makes it more difficult for a jury to keep straight the specific evidence and charges against each defendant." *Gallo*, 668 F. Supp. at 749. With a history of facts now dating from 1990 to 2007 some including Mr. Fanchini and some not, it is clear that this case contains complex set of facts.

### Estimated Length of Trial

The government estimates that it will take approximately four months to try this case but that it might have to "streamline" presentation of evidence. However, evidence, presented in its entirety is crucial to Mr. Dorzorstev's defense, if Mr. Dorzorstev is to have a fair trial the government he should have a separate trial and the government should not be permitted to streamline its presentation of evidence just to have a joint trial.

### Disparities in Degree of Involvement Possible Conflict Between Defense Strategies

There are clearly disparities in the degrees of involvement by each defendant: The Indictment makes clear that Arthur Dorzortsev 's involvement and Nikolai Dorzortsev's involvement was much less and somewhat different from that of Mr. Fanchini. The fact that there are disparities in the degree of involvement of each defendant leave little doubt that there can be a possible conflict between defense strategies.

### Disparities in the Amount or Type of Proof and Prejudice to Mr. Dozortsev

Joint trials are ordinarily appropriate where defendants are charged with participating in the same conspiracy. "There are, of course, cases in which the sheer volume and magnitude of the evidence against one defendant so dwarfs the proof against his co-defendant that a severance is required to prevent unacceptable spillover prejudice." *Spinelli*, 352 F.3d at 55. If joined with Mr. Fanchini for trial, Mr. Dozortsev will be unfairly subjected to the spillover prejudice from his Mr. Fanchini. That prejudice will inevitably arise from a steady stream of evidence which the government had gathered for its original indictment against Mr. Fanchini. Though proper jury instructions can mitigate the likelihood of spillover prejudice, in cases in which the prejudicial spillover is overwhelming, they cannot be presumed to be effective. *United States v, McDermott*, 245 F.3d 133, 139-40 (2d Cir. 2001) (conviction reversed where disparity of evidence between defendants could not be cured by limiting instructions).

The possibility that "shocking or inflammatory evidence" will be admitted against a codefendant militates in favor of severance. *See United States v. Johansen, 56* F.3d 347,

7

351-52 (2d Cir. 1995) *(citing United States v. Bertolotti,* 529 F.2d 149, 158 (2d Cir. 1975) (holding that defendant was prejudiced at trial by two days of testimony about assault, kidnapping, guns and narcotics although there was no evidence linking the defendant to these acts); *United States v. Cardascia,* 951 F.2d 474, 483 (2d Cir. 1991) ("Relief by severance may be more appropriate when the unrelated evidence reflects activities of a violent nature because the risk of substantial prejudice is greater."); *United States v. Winter,* 663 F.2d 1120, 1139 (1st Cir. 1981) (finding prejudice "beyond rescue" where two defendants, who fixed one horse race, were tried with "members of a massive race fixing ring that employed bribery and force and violence as its modus operandi").

Additionally, though severance motions are common in multi-defendant cases, impermissible prejudicial spillover can occur when only two defendants are tried together. *McDermott,* 245 F.3d at 139. Indeed, in such cases the fact that only two defendants are tried together can increase the prejudicial effect of the evidence presented, *See McDermott,* 245 F.3d at 139 ("[T]he fact that McDermott and [codefendant] were tried together, in the absence of anyone else at the defense table, *increased* the prejudicial effect of [codefendant]'s testimony on McDermott's defense by channeling all references to a source of securities information entirely onto McDermott.")

In the case at bar, Mr. Dozortsev will be substantially prejudiced by a joint trial with Mr. Fanchini. The government now charges Mr. Dozortsev with criminal acts dating back to 1990, although originally it had charged him with criminal acts between July 2007 and October 2007. In the government's memorandum of law, the government noted that the volume of evidence is "staggering." (U.S.A. Br. at 9). Since Mr. Dorzortsev was originally charged with just two criminal actions between July 2007 and October 2007,

8

that staggering evidence must presumed to be evidence gathered by the government against Mr. Fanchini.

It is unrealistic to presume that a limiting instruction would protect Mr. Dozortsev from the prejudicial impact of 17 years worth of inflammatory evidence gathered against Mr. Fanchini. As the Second Circuit has recognized, the presumption that a jury will abide by a court's limiting instruction "fades when there is an overwhelming probability that the jury will be called upon to perform humanly impossible feats of mental dexterity." *McDermott,* 245 F.3d at 139-40 *(citing United States v. Jones,* 16 F.3d 487, 493 (2d Cir. 1994); *United States v. Figueroa,* 618 F.2d 934, 946 (2d Cir. 1980)). We submit that the circumstances here would require the jury to do just that.

Given that a substantial portion of the evidence gathered against Mr. Fanchini from the years 1990-2007 might have nothing to do with the charges against Mr. Dozortsev, it would be unfair to tar him with the substantial prejudice that will necessarily flow from evidence in the case against Mr. Fanchini. There can be no doubt that Mr. Dozrtseve would be prejudiced by the introduction of such "shocking and inflammatory" evidence. *Johansen,* 56 F.3d at 35 1-52. *In Johansen,* the government charged the defendant and three codefendants with participation in a single conspiracy to commit credit card fraud. *Johansen,* 56 F.3d at 349. On appeal, however, the Second Circuit found that a single conspiracy among the defendants did not exist. *Id.* at 351. The Court held that the trial court had, therefore, improperly admitted against Johansen evidence that his codefendants had engaged in acts of violence. *Id.* at 352. In reversing Johansen's conviction, the Court found that he had been "severely prejudiced" by

9

evidence of "violence and mob connections" admitted against his codefendants. *Id.* While it is true that the Indictment in this case does not contains allegations of violence Mr. Dozorsetsev would be severely prejudiced if his jury is exposed to a parade of evidence of seventeen years which was gathered against Mr. Fanchini.

## CONCLUSION

For the foregoing reasons, the government's motion to consolidate the indictments against Mr. Dozortsev and Mr. Fanchini should be denied in all respects. Alternatively should the Court believe the Mr. Dozortsev has not detailed with enough specificity his reasons for severance and continuing with separate indictments, we most respectfully request that we be permitted to make a formal severance motion along with our other motions, after all of the government's provision of discovery to the defense is deemed complete, and the we've has had an opportunity to review said discovery against the respective parties.

Dated: New York, New York
       June 27, 2008

Respectfully submitted,

Gersten Savage LLP

By: Barry S. Zone, Esq.
Gersten Savage LLP
600 Lexington Avenue
New York, New York 10022
(212) 752-9700
*Attorneys for Nikolai Dozortsev*