SLR:KAN:ESW
F.#2007R00229/OCDETF # NY-NYE-0534

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

          Plaintiff,

  - against -

NIKOLAI DOZORTSEV,

          Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF
FORFEITURE

Cr. 07-736 (S-3)(CPS)

WHEREAS, on or about November 12, 2008, the defendant, NIKOLAI DOZORTSEV, pleaded guilty to a violation of Counts Seventeen and Eighteen of the above captioned Superseding Indictment, charging violations of Title 18, United States Code, Sections 1956(h) and 1347;

WHEREAS, pursuant to the defendant's plea agreement, the defendant has consented and agreed to forfeit all of his right, title and interest in: (i) a money judgment in the amount of $150,000.00 (the "Money Judgment"); (ii) one 2.19 karat diamond seized from the residence of Nikolai Dozortsev; (iii) $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev; (iv) $10,300.00 in United States currency seized from the residence of Boris Nayfeld; (v) 100,000 shares of Edgetech International, Inc., registered to Arthur Dozortsev, represented by Certificate No. 5379, seized from the residence of

Arthur Dozortsev; (vi) 75,000 shares of Sionix, registered to Arthur Dozortsev, represented by Certificate No. 5041, seized from the residence of Arthur Dozortsev; (vii) Account Numbers 726379613 and 2724993205 held in the name of Arthur Dozortsev at JP Morgan Chase; (viii) Funds held in account number 1570.90.825 in the name of Lengers Yachts B.V. at Rabobank, Netherlands, for the purchase of a Riva 63, Vertigo #12 yacht; (ix) Villa 'Anthemis' 328 Bd Grand Jean, Vallauris Golfe-Juan, Nice, France 06220; (x) A Silver Aston Martin V12 Vanquish Coupe Luxury Automobile, VIN SCFAC13395B501442; (xi) Account Numbers 61427318 and 91362747 held in the name of Kathrin Rotmann at HSBC Bank, U.K.; (xii) Account Numbers 21003830001 and 42949333 held in the name of Kathrin Rotmann at Barclays Bank, U.K.; (xiii) Account Number 173800960463 held in the name of Kathrin Rotmann at PNB Paribas Bank, France; (xiv) Account Number 56184093 held at NatWest Bank, U.K.; (xv) Account Numbers 81392514, 81392506 and 60195963 held in the name of Jolanta Wojciechowska at HSBC Bank, U.K.; (xvi) Account Numbers 60780448 and 5075442 held in the name of Jolanta Kozina at Barclays Private Bank, U.K.; (xvii) Account Number 41920059 held in the name of Worldwide UK Corporation, Ltd. at Abbey National PLC Bank, U.K.; (xviii) Account Numbers 26201002548601 and 39015010936840 held in the name of Oleg Shynder at Bank Finance and Credit Limited, Ukraine; (xix) Account Number 07055042253 held in the name of Terminal Services,

Ltd. at SBC Metallinvestbank, Russia; (xx) Account Number CY60003001780000017832044444 held in the name of Sea Water Holdings, Limited at Cyprus Popular Bank, Ltd., Cyprus; (xxi) an Account held in the name of Essential General Trading, LLC at Mashreqbank PSC, UAE; (xxii) Account Number 6082610 held in the name of Avonroad Investments, S.A. at Union Bancaire Privee, Switzerland; (xxiii) Account Number 0155-40-598093-06 held in the name of Rivan Holding, Ltd. at Bank of Cyprus Public Company, Ltd., Cyprus; (xxiv) Account Number 206-340-254-67D held in the name of Danusto Management at UBS Bank, Switzerland; (xxv) Account Number LU351890000385076002 held in the name of Expressdale, Limited at Corner Banque, Luxembourg; (xxvi) Account Number 4080784020000143101 held in the name of Glorymate at Promsvyazbank, Cyprus; (xxvii) Account Number 0274-819-095 held in the name of Hudec Participation Corp. at UBS Bank, Switzerland; (xxviii) Account Numbers 140-07-807605-01, 140-07-807605-02 and 140-07-807605-03 held in the name of Mereo Systems, Ltd. at Hellenic Bank, Cyprus; (xxix) Account Numbers 0230-92197-20z, 176521 and VA-211-663-05 held at UBS Bank; Account Number CY641150100104676-9GBPCAC001 held in the name of Sea Resource Imports-Exports, Ltd. at FBME Bank, Ltd., Cyprus; (xxx) Account numbers 178-32-041011 and 178-32-041021 held in the name of Seawater Holdings, Ltd. at Laiki Bank, Ltd., Cyprus; (xxxi) Account Numbers 30109840300000000334 and

3

40702978900002002675 held at Prombank, Russia; (xxxii) Account Number 75240183 held in the name of Vita Corporation at ICICI Bank, U.K.; (xxxiii) Account Number 0155-41-090654-06 held in the name of Radonia, Limited at Bank of Cyprus, Ltd., Cyprus; (xxxiv) Paintings formerly held in the London, U.K. residence of Ricardo Fanchini: (a) Kaisimir Malewitsch, (b) Ljubow Popowa, (c) Iwan Kluin, (d) Iwan Kluin; (xxxv) 5.67 Hectares of commercial real estate property, Moscow Region, St. Petersburg Highway, 34th KM, Peshki Village, Russia; (xxxvi) 4 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxvii) 36 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxviii) 229,679 Hectares of commercial real estate property, Russian Federation, Moscow province, Solnechnogorokyi Region, area of Durykino village, Russia; (xxxix) a 2007 Ford Mustang Shelby GT 500 Convertible Automobile; (xl) Ukranian real property held under Bereg Grup, Derepasovskaia, Sredeneje Fontanaska, Stomat Institute and/or Admiral Stroyinvest: (a) Stomatologicheskaya Poliklinika, Pedagogitecheskaya Street 21, Odessa, Ukraine; (b) Srednefontaskyi, Odessa, Ukraine; (c) Admiralskyj, Odessa, Ukraine; (d) Deribasovska, Odessa, Ukraine, (e) Akapulko, Odessa, Ukraine; (f) The "Tamozhennyj" District, Odessa, Ukraine; and (xliv) a Verdi Luxury Cell Phone seized from

Ricardo Fanchini at the time of his arrest; and (xli) the real property located at 244 South Avenue 18, Los Angeles, California, 90031. (Items ii through xli collectively the "Forfeited Assets").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), the Money Judgment is hereby entered against the defendant in favor of the United States of America.

2. The defendant shall forfeit all of his right, title and interest in the Forfeited Assets to the United States of America as property involved in his violation of 18 U.S.C. § 1956(h), and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

3. The sum of $50,000.00 will paid towards the Money Judgment at least two weeks prior to sentencing ("Due Date"). The $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev shall be credited towards this $50,000.00. Interest on any unpaid balance of the Money Judgment shall begin to accrue after the Due Date at the rate of interest set forth in Title 18, United States Code, Section 3612(f)(2).

4. The defendant agrees to make all payments to

5

satisfy the Money Judgment by certified or bank check, payable to the "United States Marshals Service," and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Evan Weitz, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

    5. The defendant further acknowledges that the parcel or parcels of real property located at 1400-1422 McCarter Highway, Newark, New Jersey, (bounded on the north by Third Avenue East, on the east by Passaic Avenue, on the south by Fourth Avenue East, and on the west by McCarter Highway, New Jersey Route 21)("McCarter Highway property"), constitutes property involved in a violation of 18 U.S.C. § 1956(h), and/or is property derived from proceeds obtained, directly or indirectly, as a result of a violation of 18 U.S.C. § 1956(h), and/or is property traceable to such property, and/or is a substitute asset as defined in 28 U.S.C. § 853, and thus is subject to forfeiture to the United States. However, in lieu of forfeiture of the McCarter Highway property, the defendant has agreed to the forfeiture of $175,000.00 which shall be paid at least two weeks prior to sentencing ("Due Date"), in the same manner as that of the Money Judgment. Upon receipt of $175,000.00 from the defendant, the United States will release

its lis pendens and cease all forfeiture proceedings against the McCarter Highway property. In the event of the failure of the defendant to pay $175,000.00 on or before the Due Date, the defendant consents to the forfeiture of the McCarter Highway property to the United States and the entry of this Preliminary Order of Forfeiture. The payment of the $175,000.00 has no effect on the defendant's obligation to pay any money judgment, fine, fee or restitution assessed against the defendant in this case.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

7. Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

8. The United States shall publish notice of this Order, in accordance with the custom and practice in this district, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.

9. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the

rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

10. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Assets, and for an amendment to this Order, pursuant to Fed. R. Crim. P. 32.2(c). The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any Forfeited Assets in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

11. Any petition filed by a third-party asserting an interest in the Forfeited Assets shall: (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property; and (iii) any additional facts supporting the petitioner's claim and relief sought.

12. At the expiration of the period provided by statute, or, in the event any third-party files a timely petition, upon adjudication of all third-party interests, the

Court will enter a Final Order of Forfeiture in which all interests will be addressed.

13. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court shall forward four (4) certified copies of this Order to Assistant U.S. Attorney Evan Weitz, U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       November 17, 2008

sCPS

HONORABLE CHARLES P. SIFTON
UNITED STATES DISTRICT JUDGE

## Motions
1:07-cr-00736-CPS USA v. Fanchini

# U.S. District Court

# Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered by Weitz, Evan on 11/13/2008 at 3:51 PM EST and filed on 11/13/2008
**Case Name:** USA v. Fanchini
**Case Number:** 1:07-cr-736
**Filer:** USA
**Document Number:** 111

**Docket Text:**
**MOTION for Forfeiture of Property by USA as to Nikolai Dozortsev. (Attachments: # (1) Proposed Order Preliminary Order of Forfeiture) (Weitz, Evan)**

**1:07-cr-736-2 Notice has been electronically mailed to:**

Alexander A. Solomon     alexander.solomon@usdoj.gov, USANYE-CRDOCKET@usdoj.gov

Barry S. Zone     bzone@gskny.com

Edward V. Sapone     edward@espslaw.com

Gerald L. Shargel     gshargel@shargellaw.com, elipton@shargellaw.com

Henry E. Mazurek     hmazurek@mazureklaw.com

Licha M. Nyiendo     licha.nyiendo@usdoj.gov, USANYE-CRDOCKET@usdoj.gov

Steven Lawrence Tiscione     steven.tiscione@usdoj.gov, USANYE-CRDOCKET@usdoj.gov

Toni Michelle Mele     Toni.Mele@usdoj.gov, USANYE-CRDOCKET@usdoj.gov

**1:07-cr-736-2 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=11/13/2008] [FileNumber=4057786-0]
[c26f5ee4614457ac0819df92e0e095275edd09b81ab6ae952be83a20bf98ce757b0e
ced53554c9711061893fad0213592a58c574d1eb3f557936abacc7cb2e1e]]
**Document description:** Proposed Order Preliminary Order of Forfeiture
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=11/13/2008] [FileNumber=4057786-1]
[194bb60e222a37877db7065174de4f11791c164c932ca8333e2fd1ad5b81dbc14e66
379d75487c1f85ecb440eca0e49f3a2f451529d2b9a4710d6aba919b21e9]]