SLR:KAN:ESW
F.#2007R00229/OCDETF#NY-NYE-0534

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

           Plaintiff,

  - against -

RICARDO MARIAN FANCHINI,
   also known as "Richard Rotmann,"
     "Richard Fanchini," "Riccardo
     Rotmann," "Riccardo Fanchini,"
     "Riccardo Kozina," "Richard
     Kozina," "Riccardo
     Wojoiechowska," "Jerzy Bank,"
     "Jeazy Bank," "Ioannis
     Skandalis-Themistoklis,"
     "Kozina Ryszaro," "Michael
     Prokupecz," "Aksamity," "Yura,"
     "Warhol," "Rysiek," "Richard
     Ryjwirski," "Bank," "the
     Polack," "the Gypsy" and
     "Vasja,"

           Defendant.

- - - - - - - - - - - - - - - - - X

PARTIAL FINAL ORDER OF
FORFEITURE

Cr. 07-736 (S-3)(CPS)

       WHEREAS, on or about November 7, 2008, the Defendant RICARDO MARIAN FANCHINI pled guilty to Count Three of the above-captioned Indictment which charged the Defendant with a violation of 21 U.S.C. § 959(c), to wit: conspiracy to possess, manufacture, or distribute a controlled substance, and the Government sought criminal forfeiture of property used or intended to be used to commit or to facilitate the commission of

a violation of § 959, and property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Count Three, or in the alternative, substitute assets of the Defendant pursuant to 21 U.S.C. § 853(p); and

WHEREAS, on November 19, 2008, this Court ordered an Amended Revised Preliminary Order of Forfeiture against the Defendant and to forfeit any and all right, title and interest the Defendant may have in the properties listed in the plea agreement, and all proceeds traceable thereto, on the grounds that they were used or intended to be used to commit, or to facilitate the commission of a violation of 21 U.S.C. § 959(c), are derived from or are traceable to proceeds from the violation of the offenses charged in Count Three, or property traceable to such property, and/or substitute property;

WHEREAS, on February 23, 2009, the United States Marshals Service deposited a $2,000,000.00 payment by the Defendant towards the Money Judgment, and the Defendant has agreed to not to contest forfeiture of the Money Judgment; and

WHEREAS, on March 31, 2009, the Defendant was sentenced and the Amended Revised Preliminary Order of Forfeiture was made a part of the Defendant's Judgment and Commitment Order and became a Final Order of Forfeiture subject to the rights of third parties;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2), the Amended Revised Preliminary Order of Forfeiture previously entered by this Court is hereby made a Final Order of Forfeiture for the $2,000,000.00 payment made toward the Money Judgment.

2. The assets to be included in this Final Order of Forfeiture include only the $2,000,000.00 payment toward the Money Judgment. This Court shall retain jurisdiction of all other assets listed in the Amended Revised Preliminary Order of Forfeiture identified as Forfeited Assets pending the entry of a Final Order of Forfeiture against those assets.

3. The United States Marshals Service for the Eastern District of New York is hereby directed to dispose of the $2,000,000.00 in accordance with all applicable laws and rules.

4. The Court finds, that the below Forfeited Assets constitute property involved in the defendant's violation of 21 U.S.C. § 959 and/or is property derived from proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 959, and/or are property traceable to such property, and/or are a substitute asset as defined in 21 U.S.C. § 853(p), and thus is subject to forfeiture to the United States; (i) a money judgment in the amount of $30,000,000.00 (the "Money Judgment"); (ii) Funds held in account number 1570.90.825 in the name of Lengers Yachts B.V. at Rabobank, Netherlands, for

the purchase of a Riva 63, Vertigo #12 yacht; (iii) Villa 'Anthemis' 328 Bd Grand Jean, Vallauris Golfe-Juan, Nice, France 06220; (iv) A Silver Aston Martin V12 Vanquish Coupe Luxury Automobile, VIN SCFAC13395B501442; (v) Account Numbers 61427318 and 91362747 held in the name of Kathrin Rotmann at HSBC Bank, U.K.; (vi) Account Numbers 21003830001 and 42949333 held in the name of Kathrin Rotmann at Barclays Bank, U.K.; (vii) Account Number 173800960463 held in the name of Kathrin Rotmann at PNB Paribas Bank, France; (viii) Account Number 56184093 held at NatWest Bank, U.K.; (ix) Account Numbers 81392514, 81392506 and 60195963 held in the name of Jolanta Wojciechowska at HSBC Bank, U.K.; (x) Account Numbers 60780448 and 5075442 held in the name of Jolanta Kozina at Barclays Private Bank, U.K.; (xi) Account Number 41920059 held in the name of Worldwide UK Corporation, Ltd. at Abbey National PLC Bank, U.K.; (xii) Account Numbers 26201002548601 and 39015010936840 held in the name of Oleg Shynder at Bank Finance and Credit Limited, Ukraine; (xiii) Account Number 07055042253 held in the name of Terminal Services, Ltd. at SBC Metallinvestbank, Russia; (xiv) Account Number CY60003001780000017832044444 held in the name of Sea Water Holdings, Limited at Cyprus Popular Bank, Ltd., Cyprus; (xv) an Account held in the name of Essential General Trading, LLC at Mashreqbank PSC, UAE; (xvi) Account Number 6082610 held in the name of Avonroad Investments, S.A. at Union Bancaire Privee,

Switzerland; (xvii) Account Number 0155-40-598093-06 held in the name of Rivan Holding, Ltd. at Bank of Cyprus Public Company, Ltd., Cyprus; (xviii) Account Number 206-340-254-67D held in the name of Danusto Management at UBS Bank, Switzerland; (xix) Account Number LU351890000385076002 held in the name of Expressdale, Limited at Corner Banque, Luxembourg; (xx) Account Number 40807840200001431O1 held in the name of Glorymate at Promsvyazbank, Cyprus; (xxi) Account Number 0274-819-095 held in the name of Hudec Participation Corp. at UBS Bank, Switzerland; (xxii) Account Numbers 140-07-807605-01, 140-07-807605-02 and 140-07-807605-03 held in the name of Mereo Systems, Ltd. at Hellenic Bank, Cyprus; (xxiii) Account Numbers 0230-92197-20z, 176521 and VA-211-663-05 held at UBS Bank; Account Number CY641150100104676-9GBPCAC001 held in the name of Sea Resource Imports-Exports, Ltd. at FBME Bank, Ltd., Cyprus; (xxiv) Account Numbers 178-32-041011 and 178-32-041021 held in the name of Seawater Holdings, Ltd. at Laiki Bank, Ltd., Cyprus; (xxv) Account Numbers 30109840300000000334 and 40702978900002002675 held at Prombank, Russia; (xxvi) Account Number 75240183 held in the name of Vita Corporation at ICICI Bank, U.K.; (xxvii) Account Number 0155-41-090654-06 held in the name of Radonia, Limited at Bank of Cyprus, Ltd., Cyprus; (xxviii) Paintings formerly held in the London, U.K. residence of Ricardo Fanchini: (a) Kaisimir Malewitsch, (b) Ljubow Popowa, (c) Iwan Kluin, (d) Iwan Kluin;

(xxix) 5.67 Hectares of commercial real estate property, Moscow Region, St. Petersburg Highway, 34th KM, Peshki Village, Russia; (xxx) 4 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxi) 36 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxii) 229,679 Hectares of commercial real estate property, Russian Federation, Moscow province, Solnechnogorokyi Region, area of Durykino village, Russia; (xxxiii) a 2007 Ford Mustang Shelby GT 500 Convertible Automobile; (xxxiv) Ukranian real property held under Bereg Grup, Derepasovskaia, Sredeneje Fontanaska, Stomat Institute and/or Admiral Stroyinvest: (a) Stomatologicheskaya Poliklinika, Pedagogitecheskaya Street 21, Odessa, Ukraine; (b) Srednefontaskyi, Odessa, Ukraine; (c) Admiralskyj, Odessa, Ukraine; (d) Deribasovska, Odessa, Ukraine, (e) Akapulko, Odessa, Ukraine; (f) The "Tamozhennyj" District, Odessa, Ukraine; and (xxxv) a Vertu Luxury Cell Phone seized from Ricardo Fanchini at the time of his arrest. (Items ii through xxxv collectively the "Forfeited Assets"). The defendant's right, title and interest in the Forfeited Assets is hereby forfeited.

5. The defendant agrees not to contest forfeiture of the Money Judgment and the Forfeited Assets to the United States, pursuant to 21 U.S.C. § 853(a) and (p).

6. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third parties, including giving notice of this Preliminary Order of Forfeiture.

7. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Assets, and for an amendment to this order, pursuant to Fed. R. Crim. P. 32.2(c). The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any Forfeited Assets in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

8. Any petition filed by a third-party asserting an interest in the Forfeited Assets shall: (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property; and (iii) any additional facts supporting the petitioner's claim and relief sought.

9. At the expiration of the period provided by statute, or, in the event any third-party files a timely petition, upon

adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

10. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of Court shall forward three certified copies of this order to the attention of Assistant United States Attorney Evan S. Weitz, United States Attorney's Office, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       April __, 2009

```
                                    _____
                                    HONORABLE CHARLES P. SIFTON
                                    UNITED STATES DISTRICT JUDGE
```