# Exhibit A



CP:SLT
F.#2007R00229/OCDETF # NY-NYE-0534

COURT'S
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.#
DATE: 11-12-08

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

NIKOLAI DOZORTSEV,

    Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

Cr. No. 07-736 (S-3)(CPS)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and NIKOLAI DOZORTSEV (the "defendant") agree to the following:

1. The defendant will plead guilty to Counts Seventeen and Eighteen of the above-captioned Superseding Indictment, charging violations of Title 18, United States Code, Sections 1956(h) and 1347, respectively. Count Seventeen carries the following statutory penalties:

    a. Maximum term of imprisonment: 20 years (18 U.S.C. § 1956(a)(1)(B)(i)).

    b. Minimum term of imprisonment: 0 years (18 U.S.C. § 1956(a)(1)(B)(i)).

    c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment

        or time previously served on post-release supervision
(18 U.S.C. §§ 3583(b) and (e)).

   d.   Maximum fine: $500,000
(18 U.S.C. § 1956(a)(1)(B)(i)).

   e.   Restitution: N/A
(18 U.S.C. § 3663).

   f.   $100 special assessment
(18 U.S.C. § 3013).

   g.   Other penalties: Forfeiture as set forth in paragraphs 5-14 below.

Count Eighteen carries the following statutory penalties:

   a.   Maximum term of imprisonment: 10 years
(18 U.S.C. § 1347).

   b.   Minimum term of imprisonment: 0 years
(18 U.S.C. § 1347).

   c.   Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. §§ 3583(b) and (e)).

   d.   Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

   e.   Restitution: To be determined.
(18 U.S.C. §§ 3663 and 3663A).

   e.   $100 special assessment
(18 U.S.C. § 3013).

The sentence imposed on each count may run consecutively.

   2.   The defendant understands that although imposition of a sentence in accordance with the United States Sentencing

2



Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 25, which is predicated on the following Guidelines calculation:

<u>18 U.S.C. § 1956 (Count Seventeen)</u>

| | |
|---|---:|
| Base Offense Level (2S1.1(a)(2)) | 8 |
| Plus: Involved Funds in Excess of $1,000,000 (2B1.1(b)(1)(I)) | +16 |
| Plus: Conviction under § 1956 (2S1.1(b)(2)(B)) | +2 |
| Plus: Sophisticated Means (2S1.1(b)(3)) | +2 |
| Subtotal: | 28 |

<u>18 U.S.C. § 1347 (Count Eighteen)</u>

| | |
|---|---:|
| Base Offense Level (2B1.1(a)(2)) | 6 |
| Plus: Loss of more than $70,000 (2B1.1(b)(1)(E)) | +8 |
| Subtotal: | 14 |

3

Multiple Count Adjustment

| | |
|---|---:|
| Highest Offense Level (3D1.4(a)) | 28 |
| Total Units (3D1.4(c)) | 1 |
| Increase in Offense Level (3D1.4) | None |
| Total Adjusted Offense Level: | 28 |
| Less: Acceptance of Responsibility (3E1.1(a)) | -2 |
| Less: Global Disposition (see paragraph 17) | -1 |
| Total: | 25 |

This level carries a range of imprisonment of 57 to 71 months, assuming that the defendant will be sentenced within Criminal History Category I. If the defendant pleads guilty on or before November 12, 2008, the government will move the Court, pursuant to U.S.S.G. § 3E1.1(b), for an additional one-level reduction, resulting in an adjusted offense level of 24. This level carries a range of imprisonment of 51 to 63 months, assuming that the defendant will be sentenced within Criminal History Category I. The defendant stipulates to this Guidelines calculation, and agrees not to seek a Fatico hearing or trial on any sentencing issue.

       3.    The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is

different from the estimate, the defendant will not be entitled to withdraw the plea.

   4. The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 71 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 15(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

   5. The defendant acknowledges that he owns property which is subject to forfeiture as a result of his violation of 18 U.S.C. §§ 1956(h) as alleged in the Superseding Indictment. The

5

defendant consents to the forfeiture of all of his right, title and interest in: (i) a money judgement in the amount of $150,000.00 (the "Money Judgement"); (ii) one 2.19 karat diamond seized from the residence of Nikolai Dozortsev; (iii) $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev; (iv) $10,300.00 in United States currency seized from the residence of Boris Nayfeld; (v) 100,000 shares of Edgetech International, Inc., registered to Arthur Dozortsen, represented by Certificate No. 5379, seized from the residence of Arthur Dozortsev; (vi) 75,000 shares of Sionix, registered to Arthur Dozortsev, represented by Certificate No. 5041, seized from the residence of Arthur Dozortsev; (vii) Account Numbers 726379613 and 2724993205 held in the name of Arthur Dozortsev at JP Morgan Chase; (viii) Funds held in account number 1570.90.825 in the name of Lengers Yachts B.V. at Rabobank, Netherlands, for the purchase of a Riva 63, Vertigo #12 yacht; (ix) Villa 'Anthemis' 328 Bd Grand Jean, Vallauris Golfe-Juan, Nice, France 06220; (x) A Silver Aston Martin V12 Vanquish Coupe Luxury Automobile, VIN SCFAC13395B501442; (xi) Account Numbers 61427318 and 91362747 held in the name of Kathrin Rotmann at HSBC Bank, U.K.; (xii) Account numbers 21003830001 and 42949333 held in the name of Kathrin Rotmann at Barclays Bank, U.K.; (xiii) Account number 173800960463 held in the name of Kathrin Rotmann at PNB Paribas Bank, France; (xiv) Account Number 56184093 held at NatWest Bank,

U.K.; (xv) Account Numbers 81392514, 81392506 and 60195963 held in the name of Jolanta Wojciechowska at HSBC Bank, U.K.; (xvi) Account Numbers 60780448 and 5075442 held in the name of Jolanta Kozina at Barclays Private Bank, U.K.; (xvii) Account Number 41920059 held in the name of Worldwide UK Corporation, Ltd. at Abbey National PLC Bank, U.K.; (xviii) Account Numbers 26201002548601 and 39015010936840 held in the name of Oleg Shynder at Bank Finance and Credit Limited, Ukraine; (xix) Account Number 07055042253 held in the name of Terminal Services, Ltd. at SBC Metallinvestbank, Russia; (xx) Account Number CY60003001780000017832044444 held in the name of Sea Water Holdings, Limited at Cyprus Popular Bank, Ltd., Cyprus; (xxi) an Account held in the name of Essential General Trading, LLC at Mashreqbank PSC, UAE; (xxii) Account Number 6082610 held in the name of Avonroad Investments, S.A. at Union Bancaire Privee, Switzerland; (xxiii) Account Number 0155-40-598093-06 held in the name of Rivan Holding, Ltd. at Bank of Cyprus Public Company, Ltd., Cyprus; (xxiv) Account Number 206-340-254-67D held in the name of Danusto Management at UBS Bank, Switzerland; (xxv) Account Number LU351890000385076002 held in the name of Expressdale, Limited at Corner Banque, Luxembourg; (xxvi) Account Number 4080784020000143101 held in the name of Glorymate at Promsvyazbank, Cyprus; (xxvii) Account Number 0274-819-095 held in the name of Hudec Participation Corp. at UBS Bank,

Switzerland; (xxviii) Account Numbers 140-07-807605-01, 140-07-807605-02 and 140-07-807605-03 held in the name of Mereo Systems, Ltd. at Hellenic Bank, Cyprus; (xxix) Account Numbers 0230-92197-20z, 176521 and VA-211-663-05 held at UBS Bank; Account Number CY641150100104676-9GBPCAC001 held in the name of Sea Resource Imports-Exports, Ltd. at FBME Bank, Ltd., Cyprus; (xxx) Account numbers 178-32-041011 and 178-32-041021 held in the name of Seawater Holdings, Ltd. at Laiki Bank, Ltd., Cyprus; (xxxi) Account Numbers 30109840300000000334 and 40702978900002002675 held at Prombank, Russia; (xxxii) Account Number 75240183 held in the name of Vita Corporation at ICICI Bank, U.K.; (xxxiii) Account Number 0155-41-090654-06 held in the name of Radonia, Limited at Bank of Cyprus, Ltd., Cyprus; (xxxiv) Paintings formerly held in the London, U.K. residence of Ricardo Fanchini: (a) Kaisimir Malewitsch, (b) Ljubow Popowa, (c) Iwan Kluin, (d) Iwan Kluin; (xxxv) 5.67 Hectares of commercial real estate property, Moscow Region, St. Petersburg Highway, 34th KM, Peshki Village, Russia; (xxxvi) 4 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxvii) 36 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxviii) 229,679 Hectares of commercial real estate property, Russian Federation, Moscow province, Solnechnogorokyi Region,

area of Durykino village, Russia; (xxxix) a 2007 Ford Mustang Shelby GT 500 Convertible Automobile; (xl) Ukranian real property held under Bereg Grup, Derepasovskaia, Sredeneje Fontanaska, Stomat Institute and/or Admiral Stroyinvest: (a) Stomatologicheskaya Poliklinika, Pedagogitecheskaya Street 21, Odessa, Ukraine; (b) Srednefontaskyi, Odessa, Ukraine; (c) Admiralskyj, Odessa, Ukraine; (d) Deribasovska, Odessa, Ukraine, (e) Akapulko, Odessa, Ukraine; (f) The "Tamozhennyj" District, Odessa, Ukraine; and (xliv) a Verdi Luxury Cell Phone seized from Ricardo Fanchini at the time of his arrest; (xli) the real property located at 244 South Avenue 18, Los Angles, California, 90031. (Items ii through xli collectively the "Forfeited Assets").

    6.  The sum of $50,000.00 will paid towards the Money Judgment at least two weeks prior to sentencing ("Due Date"). The $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev shall be credited towards this $50,000.00. The failure of the defendant to pay the balance of the $50,000.00 on or before the Due Date shall constitute a material breach of this agreement. Interest on any unpaid balance of the Money Judgment shall begin to accrue after the Due Date at the rate of interest set forth in Title 18, United States Code, Section 3612(f)(2).

    7.  The defendant agrees to make all payments to

9

satisfy the Money Judgment by certified or bank check, payable to the "United States Marshals Service," and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Evan Weitz, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

8.   The defendant agrees that the Forfeited Assets constitute property involved in the defendant's violation of 18 U.S.C. §§ 1956(h), and/or are property derived from proceeds the defendant obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 1956(h), and/or are property traceable to such property, and/or are a substitute asset as defined in 18 U.S.C. § 982, and thus are subject to forfeiture to the United States.  The defendant consents to the forfeiture of the Forfeited Assets to the United States, pursuant to 18 U.S.C. §§ 982 and 28 U.S.C. § 2461(c).  The defendant agrees to the entry of a Preliminary Order of Forfeiture as to the Forfeited Assets.

9.   The defendant agrees to fully assist the Government in effectuating the surrender of the Forfeited Assets and to take whatever steps are necessary to ensure that clear title thereto passes to the United States.  The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets in any administrative

10

or judicial proceeding.  The defendant agrees that the forfeiture of the Forfeited Assets is not to be considered a payment of a fine or a payment on any income taxes that may be due.

10.  The failure of the defendant to forfeit the Forfeited Assets as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this plea agreement.  Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.  Upon such a breach, the Office may, among other things, exercise the remedies outlined in this agreement and in the Preliminary Order of Forfeiture.  If forfeiture is not accomplished as provided above, the defendant consents to the forfeiture of any other property of his, up to the value of the Forfeited Assets not received, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

11.  The defendant further acknowledges that the parcel or parcels of real property located at 1400-1422 McCarter Highway, Newark, New Jersey, (bounded on the north by Third Avenue East, on the east by Passaic Avenue, on the south by Fourth Avenue East, and on the west by McCarter Highway, New Jersey Route 21)("McCarter Highway property"), constitutes property involved in a violation of 18 U.S.C. § 1956(h), and/or

11

is property derived from proceeds obtained, directly or indirectly, as a result of a violation of 18 U.S.C. § 1956(h), and/or is property traceable to such property, and/or is a substitute asset as defined in 18 U.S.C. § 982, and thus is subject to forfeiture to the United States.  However, in lieu of forfeiture of the McCarter Highway property, the defendant has agreed to the forfeiture of $175,000.00 which shall be paid at least two weeks prior to sentencing ("Due Date"), in the same manor as that of the Money Judgment as discussed in paragraph seven of this agreement.  Upon receipt of $175,000.00 from the defendant, the Office will release its lis pendens and cease all forfeiture proceedings against the McCarter Highway property.  In the event of the failure of the defendant to pay $175,000.00 on or before the Due Date, the defendant consents to the forfeiture of the McCarter Highway property to the United States, and the entrance of a Preliminary Order of Forfeiture.  The payment of the $175,000.00 has no effect on the defendant's obligation to pay any money judgment, fine, fee or restitution assessed against the defendant in this case, including, but not limited to, the Money Judgment described in paragraph 5.

12.  The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture, including, but not limited to, notice contained in an indictment or information that the government will seek the forfeiture of

property as part of any sentence. In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the Forfeited Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeited Assets, including, but not limited to, any defenses based on principles of double jeopardy, the <u>ex post facto</u> clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue.

13. The defendant represents that he has disclosed all of his assets to the United States on a Financial Statement, dated November 1, 2008 and entitled "Nikolai Dozortsev - United States Department of Justice Financial Statement" (the "Financial Statement"), a copy of which is attached hereto as Exhibit A. The defendant agrees that a failure to disclose assets on the Financial Statement constitutes a material breach of this agreement. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any.

14. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The

defendant agrees to execute any documents to effectuate the forfeiture of said assets.

    15. The Office agrees that:

        a. no further criminal charges will be brought against the defendant for the offenses described and alleged in the superseding indictment and underlying indictments, to wit: money laundering, structuring transactions, and conspiracy to launder the proceeds of illegal activity in or about and between 1990 and 2007; conspiracy to import, distribute and possess with intent to distribute cocaine, heroin and MDMA in or about and between 1990 and 2007, and attempted possession of cocaine in or about and between 2005 and 2007; possession of firearms on or about October 13, 2007; and health care fraud in or about and between April 2003 and August 2007, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the superseding and underlying indictments with prejudice;

and, based upon information now known to the Office, it will

        b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 15(b) and 15(c). Should it be judged by the Office that the defendant has

violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 15(a)-(c).

16. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

17. This agreement is conditioned upon the following: (a) all of the defendants listed below (the "covered defendants") entering guilty pleas in the above-captioned case, pursuant to plea offers, on or before November 12, 2008; and (b) acceptance of those pleas by a United States District Court Judge. The covered defendants are:

    (i)    Nikolai Dozortsev;

    (ii)   Ricardo Marian Fanchini; and

    (iii)  Arthur Dozortsev.

If any of the covered defendants fail to satisfy conditions 17(a) and 17(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea

agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his guilty plea in any of those circumstances.

18. No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all prior promises, agreements or conditions between the parties.

To become effective, this agreement must be signed by all signatories listed below.

Dated:     Brooklyn, New York
           November 12, 2008

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

By: _____
Steven Tiscione
Assistant United States Attorney

Approved by:

_____
Carolyn Pokorny
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
NIKOLAI DOZORTSEV
Defendant

Approved by:

_____
Barry Zone, Esq.
Counsel to Defendant

17