**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

                  Plaintiff,

         - against -

NIKOLAI DOZORTSEV,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - x

**VERIFIED PETITION OF REGINA VADIMOVA LINETSKAYA FOR DETERMINATION OF THIRD PARTY RIGHT, TITLE AND INTEREST IN DIAMOND SUBJECT TO FORFEITURE**

**CR-07-0736 (FB)**

1.     I, Barry S. Zone, am a partner at Moses & Singer LLP, 405 Lexington Avenue 12th Floor, New York, New York 10174. We are attorneys for the third-party Petitioner Regina Vadimova Linetskaya, a native of the City of Odessa, Ukraine, where she resides ("Petitioner" or "Linetskaya"). The Petitioner has authorized me to make this petition, pursuant to 21 U.S.C. § 853(n) (the "Petition") to demonstrate her right, title and interest in a 2.19-karat diamond wrongfully seized by the Government in connection with the above-referenced criminal matter, and to petition the Court to amend its order requiring the forfeiture of this diamond to the Government.

2.     On October 13, 2007, Drug Enforcement Administration agents seized "A Loose Round 2.19 Carats Diamond, G/VS1, Serial No.: 16283905" (the "Diamond") from the residence of the Defendant and his wife Irina (the "Raid"). Exhibit A is a copy of the Notice of Seizure.

3.     On November 17, 2008, the Court ordered that the Defendant forfeit "all of his right, title and interest [in the Diamond] to the United States of America as property

involved in his violation of 18 U.S.C. § 1956(h), and/or as substitute assets, pursuant to 21 U.S.C. § 853(p)." Exhibit B is a copy of the Preliminary Conference Order.

4.      The Court ordered that "any person, other than defendant, asserting a legal interest in [the Diamond] must...petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in [the Diamond]." Exhibit B.

5.      The Government granted the Petitioner an extension to November 30, 2011 to petition for a hearing to adjudicate her legal interest in the Diamond in an e-mail from Ms. Claire Kedeshian, Assistant U.S. Attorney for the Eastern District of New York.

**Summary**

6.      The Petitioner, a resident of Odessa, Ukraine, is the owner of the Diamond and objects to its forfeiture to the United States Government. The Diamond was in the Defendant's residence during the Raid (and therefore, mistakenly believed to belong to the Defendant) because the Petitioner, who was in Odessa at the time, previously visited the Defendant's wife, Ms. Irena Dozortseva, and left the Diamond with her to have it appraised. The Diamond never belonged to the Defendant, his estate or any of his relatives and should not have been the subject of any forfeiture on account of his criminal actions.

**Petitioner inherited the Diamond from her mother**

7.      The Diamond originally belonged to Petitioner's mother, Svetlana Ivanova Linetskaya. See Exhibits C and D, affidavits of Petitioner. For as long as Petitioner can remember, Petitioner's mother owned the Diamond and kept the Diamond in her jewelry box. Id. When her mother died in 2001, the Petitioner inherited the Diamond. Id.

8.      The Diamond contains great sentimental value to the Petitioner, because it is a gift from her mother to her and reminds her of her mother. Id.

9.    The Petitioner's father, Mr. Vadim Meerovich Linetskiy, confirms that his wife Svetlana owned the Diamond and his daughter the Petitioner inherited the Diamond when Svetlana died in 2001.  See Exhibit E, affidavit of Vadim Meerovich Linetskiy.

**Petitioner traveled to the United States in 2007 to have the Diamond appraised**

10.    In or around April, 2007, the Petitioner wanted an expert appraisal conducted on the Diamond.  See Exhibit C and E.  Believing the American Gemological Institute (the "Institute") to be the most respectable and honest appraisal institution in the world, the Petitioner chose the Institute for the appraisal and traveled to America with the Diamond. Id.

11.    To effectuate the appraisal, and for sake of convenience, the Petitioner contacted her friend Irena Dozortseva, whom the Petitioner has known closely since 1985.  See Exhibit C.  The Petitioner intended to visit Irena at her home in Brooklyn, New York, and also leave her the Diamond to arrange an appraisal.  See Exhibits C, E, and F, the affidavit of Irina Dozortsev.

12.    The Petitioner did what she intended: she visited her friend Irina, and left her with the Diamond for the appraisal.  Id.  Exhibit G is a copy of the Petitioner's passport, which shows that the Petitioner visited New York on April 5, 2007.

13.    The Petitioner returned home to Odessa, Ukraine without her Diamond, which was left with Ms. Dozortsev at her home.

14.    Ms. Dozortsev never had the opportunity to appraise the Diamond.  On October 13, 2007, Drug Enforcement Administration agents seized Petitioner's Diamond during the Raid.  See Exhibit A.

15.     Thereafter, the Drug Enforcement Administration commenced the action titled <u>In re: Action for Forfeiture of: (1) Loose Round 2.19 Carats Diamond, G/VS1, Serial No.: 16283905, Asset ID: 08-DEA-491435</u> and The Court ordered forfeiture of the Diamond to the United States Government.  <u>See</u> Exhibit B.

**<u>Petitioner is entitled to a return of the Diamond</u>**

16.     The Petitioner's full ownership of the Diamond subject to the Preliminary Forfeiture Order preceded any interest of the Government and such ownership vested in the Petitioner in 2001 when her mother died, ten years prior to this Court's entry of the Preliminary Forfeiture Order forfeiting the Diamond.  No ownership interest could have been vested in the defendant Nikolai Dozortsez at the time of forfeiture.

17.     The Petitioner, the defendant, the defendant's wife, and the Petitioner's father have all submitted sworn statements corroborating the facts alleged in this Petition and are attached as Exhibits hereto.

WHEREFORE, Petitioner prays that this Court amend its Preliminary Order of Forfeiture entered in connection with the Diamond and enter its Order restoring such property to Petitioner fully in fee.  The above facts are true and correct.

Dated:  November 29, 2011
       New York, New York


MOSES & SINGER LLP

By: _____
      Barry Zone

The Chrysler Building
405 Lexington Avenue 12th Floor
New York, NY 10174
Tel:    (212)-554-7800
Fax:   (212)-554-7700
Email: bzone@mosessinger.com
*Attorneys for Petitioner*

## VERIFICATION

Regina Vadimova Linetskaya, hereby affirms, pursuant to 28 U.S.C.A. § 1746 that:

1.      I am the Petitioner in this action and am represented by the law firm of Moses & Singer LLP in connection herewith.  I have read the **PETITION OF REGINA VADIMOVA LINETSKAYA FOR DETERMINATION OF THIRD PARTY RIGHT, TITLE AND INTEREST IN DIAMOND SUBJECT TO FORFEITURE**, dated November 29, 2011, and know the contents thereof.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 29, 2011.

Regina Vadimova Linetskaya

# *EXHIBIT A*



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Zinaida Salovskaya
2805 Ocean Parkway
Apt. 10B
Brooklyn, NY 11235-7865

| | |
|---|---|
| Asset Id: | 08-DEA-491435 |
| Case Number: | C1-07-0094 |
| Property: | (1) Loose Round 2.19 carats Diamond, G/VS1 |
| Serial Number: | 16283905 |
| Asset Value: | $26,600.00 |
| Seizure Date: | 10/13/2007 |
| Seizure Place: | Brooklyn, NY |
| Owner Name: | Dozortsev, Nikolai |
| Seized From: | Dozortsev, Nikolai |
| Judicial District: | Eastern District of New York |

NOTICE MAILING DATE: November 14, 2007

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by December 19, **2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

# *EXHIBIT B*

SLR:KAN:ESW
F.#2007R00229/OCDETF # NY-NYE-0534

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

              Plaintiff,

   - against -

NIKOLAI DOZORTSEV,

              Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF
FORFEITURE

Cr. 07-736 (S-3)(CPS)

WHEREAS, on or about November 12, 2008, the defendant, NIKOLAI DOZORTSEV, pleaded guilty to a violation of Counts Seventeen and Eighteen of the above-captioned Superseding Indictment, charging violations of Title 18, United States Code, Sections 1956(h) and 1347;

WHEREAS, pursuant to the defendant's plea agreement, the defendant has consented and agreed to forfeit all of his right, title and interest in: (i) a money judgment in the amount of $150,000.00 (the "Money Judgment"); (ii) one 2.19 karat diamond seized from the residence of Nikolai Dozortsev; (iii) $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev; (iv) $10,300.00 in United States currency seized from the residence of Boris Nayfeld; (v) 100,000 shares of Edgetech International, Inc., registered to Arthur Dozortsev, represented by Certificate No. 5379, seized from the residence of

Arthur Dozortsev; (vi) 75,000 shares of Sionix, registered to Arthur Dozortsev, represented by Certificate No. 5041, seized from the residence of Arthur Dozortsev; (vii) Account Numbers 726379613 and 2724993205 held in the name of Arthur Dozortsev at JP Morgan Chase; (viii) Funds held in account number 1570.90.825 in the name of Lengers Yachts B.V. at Rabobank, Netherlands, for the purchase of a Riva 63, Vertigo #12 yacht; (ix) Villa 'Anthemis' 328 Bd Grand Jean, Vallauris Golfe-Juan, Nice, France 06220; (x) A Silver Aston Martin V12 Vanquish Coupe Luxury Automobile, VIN SCFAC13395B501442; (xi) Account Numbers 61427318 and 91362747 held in the name of Kathrin Rotmann at HSBC Bank, U.K.; (xii) Account Numbers 21003830001 and 42949333 held in the name of Kathrin Rotmann at Barclays Bank, U.K.; (xiii) Account Number 173800960463 held in the name of Kathrin Rotmann at PNB Paribas Bank, France; (xiv) Account Number 56184093 held at NatWest Bank, U.K.; (xv) Account Numbers 81392514, 81392506 and 60195963 held in the name of Jolanta Wojciechowska at HSBC Bank, U.K.; (xvi) Account Numbers 60780448 and 5075442 held in the name of Jolanta Kozina at Barclays Private Bank, U.K.; (xvii) Account Number 41920059 held in the name of Worldwide UK Corporation, Ltd. at Abbey National PLC Bank, U.K.; (xviii) Account Numbers 26201002548601 and 39015010936840 held in the name of Oleg Shynder at Bank Finance and Credit Limited, Ukraine; (xix) Account Number 07055042253 held in the name of Terminal Services,

2

Ltd. at SBC Metallinvestbank, Russia; (xx) Account Number
CY6000300178000000178320444444 held in the name of Sea Water
Holdings, Limited at Cyprus Popular Bank, Ltd., Cyprus; (xxi) an
Account held in the name of Essential General Trading, LLC at
Mashreqbank PSC, UAE; (xxii) Account Number 6082610 held in the
name of Avonroad Investments, S.A. at Union Bancaire Privee,
Switzerland; (xxiii) Account Number 0155-40-598093-06 held in the
name of Rivan Holding, Ltd. at Bank of Cyprus Public Company,
Ltd., Cyprus; (xxiv) Account Number 206-340-254-67D held in the
name of Danusto Management at UBS Bank, Switzerland; (xxv)
Account Number LU351890000385076002 held in the name of
Expressdale, Limited at Corner Banque, Luxembourg; (xxvi) Account
Number 4080784020000143101 held in the name of Glorymate at
Promsvyazbank, Cyprus; (xxvii) Account Number 0274-819-095 held
in the name of Hudec Participation Corp. at UBS Bank,
Switzerland; (xxviii) Account Numbers 140-07-807605-01,
140-07-807605-02 and 140-07-807605-03 held in the name of Mereo
Systems, Ltd. at Hellenic Bank, Cyprus; (xxix) Account Numbers
0230-92197-20z, 176521 and VA-211-663-05 held at UBS Bank;
Account Number CY641150100104676-9GBPCAC001 held in the name of
Sea Resource Imports-Exports, Ltd. at FBME Bank, Ltd., Cyprus;
(xxx) Account numbers 178-32-041011 and 178-32-041021 held in the
name of Seawater Holdings, Ltd. at Laiki Bank, Ltd., Cyprus;
(xxxi) Account Numbers 30109840300000000334 and

3

40702978900002002675 held at Prombank, Russia; (xxxii) Account Number 75240183 held in the name of Vita Corporation at ICICI Bank, U.K.; (xxxiii) Account Number 0155-41-090654-06 held in the name of Radonia, Limited at Bank of Cyprus, Ltd., Cyprus; (xxxiv) Paintings formerly held in the London, U.K. residence of Ricardo Fanchini: (a) Kaisimir Malewitsch, (b) Ljubow Popowa, (c) Iwan Kluin, (d) Iwan Kluin; (xxxv) 5.67 Hectares of commercial real estate property, Moscow Region, St. Petersburg Highway, 34th KM, Peshki Village, Russia; (xxxvi) 4 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxvii) 36 Hectares of commercial real estate property (agro production), Moscow Region, St. Petersburg Highway, 13th KM, Pikino Village, Russia; (xxxviii) 229,679 Hectares of commercial real estate property, Russian Federation, Moscow province, Solnechnogorokyi Region, area of Durykino village, Russia; (xxxix) a 2007 Ford Mustang Shelby GT 500 Convertible Automobile; (xl) Ukranian real property held under Bereg Grup, Derepasovskaia, Sredeneje Fontanaska, Stomat Institute and/or Admiral Stroyinvest: (a) Stomatologicheskaya Poliklinika, Pedagogitecheskaya Street 21, Odessa, Ukraine; (b) Srednefontaskyi, Odessa, Ukraine; (c) Admiralskyj, Odessa, Ukraine; (d) Deribasovska, Odessa, Ukraine, (e) Akapulko, Odessa, Ukraine; (f) The "Tamozhennyj" District, Odessa, Ukraine; and (xliv) a Verdi Luxury Cell Phone seized from

4

Ricardo Fanchini at the time of his arrest; and (xli) the real property located at 244 South Avenue 18, Los Angeles, California, 90031. (Items ii through xli collectively the "Forfeited Assets").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    Pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), the Money Judgment is hereby entered against the defendant in favor of the United States of America.

2.    The defendant shall forfeit all of his right, title and interest in the Forfeited Assets to the United States of America as property involved in his violation of 18 U.S.C. § 1956(h), and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

3.    The sum of $50,000.00 will paid towards the Money Judgment at least two weeks prior to sentencing ("Due Date"). The $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev shall be credited towards this $50,000.00.  Interest on any unpaid balance of the Money Judgment shall begin to accrue after the Due Date at the rate of interest set forth in Title 18, United States Code, Section 3612(f)(2).

4.    The defendant agrees to make all payments to

5

satisfy the Money Judgment by certified or bank check, payable to
the "United States Marshals Service," and shall cause said checks
to be sent by overnight air express delivery to Assistant United
States Attorney Evan Weitz, United States Attorney's Office,
Eastern District of New York, 271 Cadman Plaza East, Brooklyn,
New York 11201, with the criminal docket number noted on the face
of each check.

      5.   The defendant further acknowledges that the parcel
or parcels of real property located at 1400-1422 McCarter
Highway, Newark, New Jersey, (bounded on the north by Third
Avenue East, on the east by Passaic Avenue, on the south by
Fourth Avenue East, and on the west by McCarter Highway, New
Jersey Route 21) ("McCarter Highway property"), constitutes
property involved in a violation of 18 U.S.C. § 1956(h), and/or
is property derived from proceeds obtained, directly or
indirectly, as a result of a violation of 18 U.S.C. § 1956(h),
and/or is property traceable to such property, and/or is a
substitute asset as defined in 28 U.S.C. § 853, and thus is
subject to forfeiture to the United States.  However, in lieu of
forfeiture of the McCarter Highway property, the defendant has
agreed to the forfeiture of $175,000.00 which shall be paid at
least two weeks prior to sentencing ("Due Date"), in the same
manner as that of the Money Judgment.  Upon receipt of
$175,000.00 from the defendant, the United States will release

6

its lis pendens and cease all forfeiture proceedings against the
McCarter Highway property.  In the event of the failure of the
defendant to pay $175,000.00 on or before the Due Date, the
defendant consents to the forfeiture of the McCarter Highway
property to the United States and the entry of this Preliminary
Order of Forfeiture.  The payment of the $175,000.00 has no
effect on the defendant's obligation to pay any money judgment,
fine, fee or restitution assessed against the defendant in this
case.

6.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this
Preliminary Order shall become final as to the defendant at the
time of sentencing and shall be made part of the sentence and
included in the judgment.

7.   Upon the entry of this Order, the United States
Attorney General, or his designee, is authorized to conduct any
proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3)
and (c).

8.   The United States shall publish notice of this
Order, in accordance with the custom and practice in this
district, of its intent to dispose of the Forfeited Assets in
such a manner as the Attorney General or his designee may direct.

9.   Upon entry of this Order, the United States
Attorney General is authorized to commence any applicable
proceedings necessary to comply with the statutes governing the

7

rights of third-parties, including giving notice of this
Preliminary Order of Forfeiture.

10. Any person, other than the defendant, asserting a
legal interest in the Forfeited Assets must within thirty (30)
days of the final publication of notice or of receipt of actual
notice, whichever is earlier, petition the Court for a hearing,
without a jury, to adjudicate the validity of his alleged
interest in the Forfeited Assets, and for an amendment to this
Order, pursuant to Fed. R. Crim. P. 32.2(c). The United States
may also, to the extent practicable, provide direct written
notice to any person known to have an alleged interest in any
Forfeited Assets in accordance with Fed. R. Crim. P. 32.2(e)(1)
as a substitute for publishing notice as to those persons so
identified.

11. Any petition filed by a third-party asserting an
interest in the Forfeited Assets shall: (i) be signed by the
petitioner upon penalty of perjury; (ii) set forth the nature and
extent of the petitioner's right, title or interest in the
Forfeited Property; and (iii) any additional facts supporting the
petitioner's claim and relief sought.

12. At the expiration of the period provided by
statute, or, in the event any third-party files a timely
petition, upon adjudication of all third-party interests, the

8

Court will enter a Final Order of Forfeiture in which all interests will be addressed.

13.   This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15.   The Clerk of the Court shall forward four (4) certified copies of this Order to Assistant U.S. Attorney Evan Weitz, U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       November 17, 2008

sCPS

HONORABLE CHARLES P. SIFTON
UNITED STATES DISTRICT JUDGE

9

*EXHIBIT C*

 **A&M LOGOS INTERNATIONAL INC.**

**Since 1988**      40 Rector Street, Suite 1504, New York, NY  10006  •  Tel: (212) 233-7061  •  Fax: (212) 233-7167
www.logosgroup.com  •  logosgroup@gmail.com

## Statement

I, Regina Vadimovna Linetskaya (born in 1972), a native of the city of Odessa, Ukraine, did travel by air in 2007 to visit my friend Irina Dozortseva, whom I have known since 1985. On my trip, I brought with me a cut diamond that I had inherited from my mother, Svetlana Ivanovna Linetskaya, who died in 2001.

The diamond is white, round, and weighs 2.2 carats. I had asked Irina to arrange to get a certificate for this diamond from the American Gemological Institute, since this is the most respectable institute in the world and provides an honest description of the diamond. After obtaining the certificate, Ira was to have brought the diamond to Odessa.

City of Odessa

05 Nov 2007                        signature

**Translator's affidavit**

*I, Elena Gapeeva of A&M Logos International, Inc.*, 40 Rector Street, Suite 1504, New York, NY 10006, member of American Translators Association, certify that I am competent in Russian and in English and that the present document is, to the best of my knowledge, a true and faithful translation of the original text. *A&M Logos International, Inc.* is not responsible for any damage that may result from the use of this translation.
*November 14, 2007*

*State of New York*
*County of New York*        *Sworn to and subscribed before me*

**MARK B. REKHTMAN**
**Notary Public, State of New York**
**No. 01RE6060768**
**Qualified in New York County**
**Commission Expires July 2, 2011**

Заявление

Я, Линецкая Регина Вадимовна, (1972 г.р.) уроженка г. Одесса, Украина, в 2007 г. прилетала в гости к подруге Дозорцевой Ирине, которую знаю с 1985 г. Во время своего приезда я привезла бриллиант, который достался мне в наследство от матери Линецкой Светланы Ивановны, умершей в 2006 году.

Бриллиант белый, круглый, весом 2.2 карата. Моя просьба к Ирине состояла в том, что бы на этот камень сделать сертификат Американского гемологического института, так как, он является самым респектабельным в мире и даёт правдивое описание бриллианту. После получения сертификата Ира должна была привезти камень в Одессу.

г. Одесса
05.11.2007 г.

# *EXHIBIT D*

STATE OF NEW YORK    )
                        )  ss:
COUNTY OF NEW YORK )

Regina Vadimova Linetskaya, being duly sworn deposes and says:

I was born in the City of Odessa, Ukrane in 1972.  Upon my Mother Svetlana Ivanova Linetskaya's death in 2001, I inherited a diamond that belonged to her. The stone is white in color, round in shape and weighs roughly 2 carats.  It is of great sentimental value to me, as it was hers in her life, and it is a great memory of her to me.

The circumstances of my mother, Svetlana Ivanove's ownership of this stone are as follows:  I recall that my mother owned the stone since I was a child of roughly 10 to 11 years of age.  She kept the stone in her jewelry box along with her other jewelry.  In addition to the stone, when my mother died, I also receive various earrings and necklaces. Both my Father Vadim Linetsky, and my sister Victoria Linetskaya Pishevskaya, who are living and reside in Odessa, Ukrane can confirm the circumstances of my mother's leaving the stone to me, upon her death.

1

In the recent past when I traveled to the United States in 2007, I gave the stone to my friend of 22 years Irina Dozortsev to have the stone officially described and appraised.  I understand The Gemological Institute of America to be world renown, this is why I chose to have this organization evaluate the stone and issue a certificate.


_____
REGINA VADIMOVNA LINETSKAYA


Sworn to before me on this

_____ day of _____, 2007


_____
NOTARY PUBLIC

2

# *EXHIBIT E*



# A&M LOGOS INTERNATIONAL INC.

Member of American Translators Association (ATA)
Member of American Association of Collegiate Registrars and Admissions Officers (AACRAO)

40 Rector Street, Suite 1504, New York, NY 10006 • Tel: (212) 233-7061 • Fax: (212) 233-7167
www.logosgroup.com • e-mail:info@logosgroup.com

*Translated from Russian*

I, Vadim Meerovich Linetskiy, residing in Ukraine at 144/1 Lustdorfskaya Road, Apt. 15, Odessa, holding a passport Series KE No. 273724, hereby confirm that my daughter, Regina Vadimovna Linetskaya, inherited a white round-shaped diamond of approximately 2-carat weight, from my wife Svetlana Ivanovna Linetskaya (deceased).

I know that in April of 2007 my daughter R. V. Linetskaya brought the abovementioned diamond to the U.S. (New York) for an expert appraisal and left it with her friend, Irina Dozortseva.

[*signature*]  Vadim Meerovich Linetskiy

### Translator's affidavit

*A&M Logos International, Inc., American Translators Association Corporate member, located at 40 Rector Street, Suite 1504, New York, N.Y. 10006 hereby confirms that the above translation is a true and faithful translation of the attached document in the Russian language. Igor Vesler is a certified Russian-English translator, competent in Russian and in English, has prepared the translation.*

*March 10, 2008*

A&M Logos International, Inc.
Yekaterina Lobkovenko
Vice President

State of New York
County of New York

Sworn to and subscribed before me

MARK B. REKHTMAN
Notary Public, State of New York
No. 01RE6060768
Qualified in New York County
Commission Expires July 2, 2011

1

Я, Линецкий Вадим Мефович, проживающий в Украине, г. Одесса, Люстдорфская дор. 144/1 кв 15 паспорт КЕ 273224 подтверждаю, что моей дочке, Линецкой Регине Вадимовне, по наследству от моей покойной жены, Линецкой Светланы Ивановны, передан белый камень бриллиант, круглой формы, приблизительно весом два карата.

Я знаю о том, что моя дочь Линецкая Р.В. в апреле 2007 г. привезла указанный камень в США г. Нью-Йорк для экспертной оценки и оставила его у своей подруги Дозорцевой Ирине

(Линецкий В.М.)

2

Я, Линецкий Вадим Медрович, проживающий в Украине, г. Одесса, Люстдорфская дор. 144/1 кв 15 паспорт КЕ 273724 подтверждаю, что моей дочьке, Линецкой Регине Вадимовне, по наследству от моей покойной жены, Линецкой Светланы Ивановны, передан белый камень бриллиант, круглой формы, приблизительно весом два карата.

Я знаю о том, что моя дочь Линецкая Р.В. в апреле 2007 г. привезла указанный камень в США - Нью-Йорк для экспертной оценки и оставила его у своей подруги Дозорцевой Ирине

/Линецкий В.М./

2

# *EXHIBIT F*

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, Virginia 22152
--------------------------------------------------------X

In re:   Action for Forfeiture of:
      (1) Loose Round 2.19 Carats Diamond,
      G/VS1, Serial No.: 16283905

      Asset ID: 08-DEA-491435

--------------------------------------------------------X

Case No.: C1-07-0094

**AFFIDAVIT IN SUPPORT
VERIFIED PETITION FOR
REMISSION**

STATE OF NEW YORK  )
               ): s.s.
COUNTY OF NEW YORK  )

IRINA DOZORTSEV, being duly sworn, deposes and states:

1.   I reside at 2805 Ocean Parkway, Apt. 10, Brooklyn, New York 11235.

2.   On October 13, 2007, the following property described and identified as: (1) Loose

Round 2.19 Carats Diamond, G/VS1, Serial No.: 16283905 (hereinafter referred to as

"Diamond.") was seized from myself and my husband, Nikolai Dozortsev. <u>See,</u> Notice of

Seizure, dated November 14, 2007 (Annexed hereto as Exhibit A).

3.   My husband's attorneys, Gersten Savage LLP, received a Notice of Seizure stating

that the U.S. Department of Justice, Drug Enforcement Administration seeks to forfeit the

Diamond.

4.   The true owner of the Diamond is my friend Regina Vadimovna Linetskaya, who

resides in Odessa, Russia. Recently this year, Ms. Linetskaya traveled to New York to visit with

me.  At that time she entrusted me with her Diamond so that I could arrange to have it appraised

by the American Gemological Institute. Upon having her Diamond appraised, I was to return the

Diamond to her in Odessa.

    5.  My husband, Nikolai Dozortsev, is in the process of contesting the forfeiture of the

Diamond.

    WHEREFORE, I, Irina Dozortsev, respectfully request the remission or mitigation of the

forfeiture of the above-referenced property, and request that the Diamond be returned to its

lawful owner, Regina Vadimovna Linetskaya.


Dated:        New York, New York
               December 14, 2007

                                            IRINA DOZORTSEV


Sworn to before me this
_14_ day of December 2007


NOTARY PUBLIC

RONA KARS
Notary Public, State of New York
No. 31-4719609
Qualified in New York County
Commission Expires Nov. 30, _2010_

2

# *EXHIBIT G*



Термін дії паспорта продовжено до
Extension of the passport

Паспорт є власністю України
This passport is the property of Ukraine

Іменем України Міністр
закордонних справ України
просить усіх, кого це може
стосуватися, всіма можли-
вими законами полегшити
поїздку пред'явника цьго пас-
порта, подавати йому
необхідну допомогу та за-
хист.

In the name of Ukraine,
the Minister of Foreign Affai
is of Ukraine requests all
those whom it may concern to
facilitate in every possible
way the travel of the bearer of
this passport and to provide
the bearer with all necessary
assistance and protection.

Підпис пред'явника паспорта / Signature of bearer



ПАСПОРТ
PASSPORT

УКРАЇНА ✳ UKRAINE ✳

Тип / Туре    Код держави / Code of State    Паспорт № / Passport No.
П            UKR                            КС193360

Прізвище / Surname
ЛІНЕЦЬКА / LINETSKA
Ім'я / Given names
РЕГІНА / REGINA
Громадянство / Nationality
УКРАЇНА / UKRAINE

Стать / Sex    Місце народження / Place of Birth
Ж / F          ОДЕСА / UKR
Дата народж./ Date of birth
04  ЖОВ/ОСТ  99
Дійсний до / Date of expiry
04  ЖОВ/ОСТ  09

Орган, що видав / Authority
1501

КС193360<4UKR7204092F0910042<<<<<<<<<<<<<<<0
P<UKRLINETSKA<<REGINA<<<<<<<<<<<<<<<<<<<<<<<<