

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:LDM:CSK
F#2008R00780

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 6, 2012

<u>Via ECF and Hand Delivery</u>

The Honorable Frederic Block
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  <u>United States v. Dozortsev, et. al.</u>
         CR 07-736 (S-3)(FB)
         <u>Third Party Motion/Petition by Regina Vadimova</u>
         <u>Linetskaya</u>

Dear Judge Block:

        The United States respectfully submits this letter in response to Third Party Petitioner, Regina Vadimova Linetskaya's (aka "Regina Linetska")(hereinafter the "Third Party Petitioner") claim to and request for a motion hearing regarding one of the numerous pieces of property, specifically "one loose round 2.19 carat Diamond" (hereinafter "the Diamond") which criminal defendant, Nikolai Dozortsev (hereinafter "the defendant"), agreed to and was directed to forfeit to the United States pursuant to the Preliminary Order of Forfeiture, dated November 19, 2008. (Dkt. Entry # 118 at paragraph ii).

        <u>Procedural and Factual Background</u>

        On or about October 13, 2007, at the time the defendant was initially arrested and a search warrant was executed at his residence located at 2805 Ocean Parkway, Apt. 10B, Brooklyn, New York, the Diamond was seized by agents of the Drug Enforcement Administration ("D.E.A."). (<u>See</u> D.E.A.'s Notice of Seizure, dated Nov. 14, 2007).[1]

        On or about November 12, 2008, the defendant,[2] pled

---

    [1] At the time the search warrant was executed at the defendant's residence in Brooklyn, agents also found and seized over $12,000 cash, multiple firearms, and ammunition.  <u>See</u> Pre-Sentence Report for the defendant, at ¶ 51.

    [2] Throughout the criminal case, the defendant was represented by the same retained counsel who has now entered a Notice of Appearance on behalf of the Third Party Petitioner.

guilty to Counts Seventeen and Eighteen of a twenty count
indictment. (Dkt. Entry # 115). Count Seventeen charged that
between January 1997 and October 2007, the defendant, together
with others, conspired to launder money on behalf of the Fanchini
Organization, which money he knew was proceeds of illegal
narcotics and cigarette trafficking, in violation of 18 U.S.C. §
1956(h). Count Eighteen charged that between April 2003 and
August 2007, the defendant, together with others, executed a
scheme to defraud a health care benefit program (Medicaid), and
to fraudulently obtain money and property under the control of
the Medicaid program in connection with the delivery of and
payment for health care benefits, items and services, in
violation of 18 U.S.C. § 1347. Id.

In connection with his guilty plea, on November 17,
2008, a Preliminary Order of Forfeiture mandating that the
defendant forfeit a money judgment amount of $150,000 and forty
specifically identified pieces of property (collectively "the
Forfeited Assets"), including the Diamond,[3] was signed and
entered on the docket in this criminal case on November 20, 2008.
(Dkt Entry # 118).

Specifically, the Preliminary Order of Forfeiture
mandates: "The defendant shall forfeit all his right, title and
interest in the Forfeited Assets to the United States of America
as property involved in his violation of 18 U.S.C. § 1956(h),
and/or as substitute assets, pursuant to 21 U.S.C. § 853(p)."
(Preliminary Order of Forfeiture, Dkt. Entry # 118 at ¶ 2).

On December 16, 2010, the defendant was sentenced by
this Court to a term of federal incarceration of 51 months on
Count Seventeen; 13 months on Count Eighteen and, inter alia, was
ordered to comply with the Order of Forfeiture. (Minute Entry on
CR 07-736 for 12/16/2010). On December 28, 2010, Judgment was
entered against the defendant. (Dkt. Entry # 206).

Publication of the Preliminary Order of Forfeiture was
posted on the official government internet site
www.forfeiture.gov for at least thirty consecutive days beginning
on January 22, 2009. (Declaration of Publication, Dkt. Entry #

---

[3] In addition to a money judgment amount of $150,000, and
the Diamond, the Preliminary Order of Forfeiture lists the
following other specific properties to be forfeited by the
defendant: cash, shares of stock, luxury vehicles, and foreign
bank accounts. (Dkt. # 118).

137).  On or about December 31, 2008, direct written notice and a copy of the Preliminary Order of Forfeiture was also sent to defendant's wife, Irina Dozortsev, at the 2805 Ocean Parkway, Apt. 10, Brooklyn, New York address, and Zinaida Salovskaya at the same address. (See December 31, 2008 Government Letters with certified mail return receipts attached hereto as Exhibits 1 and 2).

Over two years later, on March 29, 2011, an additional courtesy copy of the Preliminary Order of Forfeiture was re-sent to Third Party Petitioner's attorney indicating that any claim to the Diamond must be filed by May 2, 2011. (See March 29, 2011 Government Letter and certified mail return receipt attached hereto as Exhibit 3).  Thereafter, multiple courtesies for additional time were extended by this Office to Third Party Petitioner's attorney to file a claim.

Now, over two years after the Diamond was seized and notice of the Government's intent to forfeit the Diamond was given, Third Party Petitioner, a Ukrainian citizen, claims that the Diamond seized from the defendant and which the defendant agreed to forfeit is hers.  From the documents filed by the Third Party Petitioner, she contends that she inherited the Diamond from her mother who died in 2001 and then brought it from the Ukraine to the United States at some unspecified time during the year 2007 in order to get it appraised by the "American Gemological Institute"[4] [sic] with the assistance of the defendant's wife. (See Dkt. # 217).

Notably, the documents filed in support of the Third Party Petition (Dkt. # 217) contain the following vagaries which should be corrected before the Third Party Petitioner is permitted to proceed: (1) the "Verified Petition" contains a Verification, "under penalty of perjury" indicating that it was verified and executed on November 29, 2011 by "Regina Vadimova Linteskaya", but the signature is neither certified nor notarized (nor is there any evidence that this document was, to the extent necessary, translated from English to Russian before it was allegedly signed); (2) Exhibit C, a translated hand-written Statement from "Regina Vadimovna Linestskaya" is signed November 5, 2007, and the translation from Russian to English appears to have been certified and notarized on November 14, 2007; (3) Exhibit D, a "sworn to" statement in English from "Regina

_____

[4] Properly known as the Gemological Institute of America (the "GIA").

Vadimova Linestkaya" consisting of two typed pages and appears to
be signed, but the document is not dated, does not appear to have
been translated from English to Russian to the extent necessary,
and the signature is neither certified nor notarized; (4) Exhibit
E, a translated hand-written Statement from a "Vadim Meerovich
Lineskiy" is signed, but not dated and the translation from
Russian to English appears to have been notarized on March 10,
2008; (5) Exhibit F, a typed Affidavit of Irina Dozortsev is
signed and notarized December 14, 2007; and (6) Exhibit G appears
to be a copy of only two pages from "Regina Linetska's" expired
Ukrainian passport, with her date of birth blackened out, which
was issued on Oct. 4, 1999 and expired on Oct. 4, 2009; and a
Visa to enter the United States which was issued on Dec. 15, 2003
and expired on Dec. 14, 2008, again with her date of birth
blackened out and also with the control number blackened out.
The expired Ukrainian passport also appears to have three U.S.
immigration stamps indicating admission into the United States on
a date in December 2004 (the exact date of which is illegible),
April 5, 2007, and December 27, 2007.  Moreover, for the reasons
set forth below, the United States is entitled to discovery from
the Third Party Petitioner prior to any ancillary hearing.

    I.    Discovery Is Warranted Before Any Ancillary
          Hearing

        The sole issue during the ancillary proceeding under
Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(6), is whether or
not the Third Party Petitioner has shown, by a preponderance of
the evidence, that "(A) the petitioner has a legal right, title
or interest in the property, and such right, title, or interest
renders the order of forfeiture invalid in whole or in part
because the right, title, or interest was vested in the
petitioner rather than the defendant or was superior to any
right, title or interest of the defendant at the time of the
commission of the acts which gave rise to the forfeiture of the
property under this section."[5]

        Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), "before
conducting a hearing on the petition, the court may permit the
parties to conduct discovery,. . .if the court determines that
discovery is necessary or desirable to resolve factual issues."
Furthermore, the Preliminary Order of Forfeiture entered by the
court in this case specifically authorizes the United States to

---

        [5] Third Party Petitioner does not allege or base her third
party claim on 21 U.S.C. § 853(n)(6)(B).

take discovery.  See Preliminary Order of Forfeiture (Dkt. # 118) at ¶ 7.  Here, the United States respectfully submits that discovery as to facts and circumstances surrounding the Third Party Petitioner's alleged acquisition, ownership, conduct and representations regarding the Diamond, including, but not limited to, any issues as to the Third Party Petitioner's credibility, is warranted prior to any hearing.  See Fed. R. Crim.P. 32.2(b)(3)(authorizing the government to conduct any discovery to identify, locate or dispose of property);; 21 U.S.C. § 853(n)(5)(at ancillary hearing, in addition to testimony and evidence, court is to consider portions of record in criminal case); United States v. Duong, 2011 WL 2413521 at * 7-9 (D. Conn. June 10, 2011)(denying third party claims based on evidence in criminal case record and lack of credibility determinations).

          Accordingly, along with this letter, the United States has served the Third Party Petitioner with its initial discovery requests.  The United States reserves its right to conduct any additional discovery prior to any ancillary hearing that may occur.

          We thank the Court for its consideration of this matter.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                                     /s/
                    By:    _____
                              Claire S. Kedeshian
                              Assistant U.S. Attorney
                              (718) 254-6051

Enclosures

cc (with enclosures): Via ECF and Federal Express

     Barry S. Zone, Esq.
     Moses & Singer, LLP
     405 Lexington Ave, 12th Floor
     New York, New York 10174